Mercantile Bank v. Hawe.

---

MERCANTILE BANK, Appellant, v. JOHN HAWE, Administrator, Respondent.

St. Louis Court of Appeals, December 11, 1888.

1. **Lapse of Time:** LIMITATION. A lapse of time less than the statutory period of limitation may, when taken in connection with other facts and circumstances pointing in the same direction, authorize a finding that the debt has been paid.

2. **New Trial:** NEWLY-DISCOVERED EVIDENCE. Where it appears that the evidence sought to be made available by a new trial would be purely cumulative and was known to the applicant at the time of the former trial, and that the witness was at that time easily accessible, and that since then he has merely discovered some memoranda which would enable him to testify more fully as to details there is no case made for granting a new trial on the ground of newly-discovered evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*M. E. F. Pollack,* for the appellant.

The court should not have admitted evidence that the note, upon which the judgment was obtained, had been paid, or in its decree have been governed thereby. The court should have granted the new trial on account of the discovery of new evidence. The court should have granted a new trial on account of the mistake of witness Kraft in regard to the fifty-dollar deposit certificate. R. S., sec. 3704.

*Rowe & Morris,* for the respondent.

This court will not weigh the evidence, and if there is any evidence to support the finding and judgment of the lower court, its finding and judgment cannot be disturbed on appeal. "The refusal of the trial court to grant a new trial on the ground of newly-discovered evidence, is not ground for reversal unless it clearly appears that the court abused its discretion in the matter." *Franklin v. Holle,* 7 Mo. App. 241. "Motions for a new trial, on the ground of newly-discovered evidence, are regarded with a jealous eye and construed with remarkable strictness by the courts; they should be tolerated, not encouraged, viewed with aversion rather than favor, granted as an exception and refused as a rule." *Cook v. Railroad,* 56 Mo. 380. "A party is not entitled to a new trial on the ground of newly-discovered evidence, when such evidence was accessible to him before the trial." *Maxwell v. Railroad,* 85 Mo. 95. The affidavit must show that due diligence was used to discover the evidence before the trial. 58 Mo. 107; 77 Mo. 52; 14 Mo. App. 596.

ROMBAUER, P. J., delivered the opinion of the court.

In October, 1887, the plaintiff exhibited in the probate court of the city of St. Louis for allowance against

the estate of Wm. Hawe, a judgment recovered by it in October, 1876, against said Hawe for $643.32, bearing interest at the rate of ten per centum per annum. The probate court, upon hearing, rejected the claim. The plaintiff appealed, and upon hearing of the case in the circuit court, by the court without a jury, judgment was again rendered in favor of the defendant, and the plaintiff appeals.

The plaintiff gave in evidence a certified copy of the judgment and rested. The defendant adduced testimony tending to show the following facts : Immediately after the rendition of the judgment the defendant Wm. Hawe, accompanied by a witness, called on the plaintiff bank and claimed that the judgment was unwarranted because the note upon which it was founded was paid. This claim was made to plaintiff's then cashier, who did not deny the fact, but simply claimed that the bank had incurred some expense in obtaining the judgment, for which it should be reimbursed. The defendant Hawe thereafter, and until his decease in 1883, continued to reside in the city, was engaged in an extensive business, and was perfectly solvent, being possessed of real estate in the city, on which, beyond all incumbrances, there was a margin of seventy-five hundred dollars, which was subject to this judgment lien.

This evidence was not rebutted in any way. The plaintiff's then cashier was not even called as a witness, nor was it shown that he was dead or that his testimony was inaccessible. All the evidence was admitted without objection and no instructions were asked or given.

The only errors complained of in the motion for new trial and upon this appeal are the admission of illegal evidence, and the refusal of the court to grant a new trial on the ground of surprise and newly-discovered evidence.

No objection was made to the admission of any evidence, hence, the first complaint is wholly without

merit. The burden of proof to show payment was wholly upon the defendant, and while no legal presumption of payment arises from the mere staleness of a claim, short of the statutory period of limitation, such payment may be inferred by the jury from the lapse of time for a much shorter period coupled with other circumstances. 2 Greenl. Ev. sec. 528 ; Best on Pres. Ev. sec. 406. The facts show that the judgment debtor, immediately after the rendition of the judgment, asserted to plaintiff's cashier that the debt was paid ; that the claim was not denied ; that both parties resided in the city ; that no steps were taken to enforce the judgment for a period of eleven years, although the debtor was alive, in active business, and entirely solvent for seven years or more after its rendition ; that the judgment bore the highest rate of interest allowed by law, and it would have been in the debtor's interest to discharge it if a subsisting obligation, were all facts for the consideration the jury, and together fully warranted the inference that the judgment was paid.

The newly-discovered witness is Geo. W. Lubke, one of the judges of the circuit court, holding court in the same building where the cause was tried, and presumably so engaged when the cause was tried. His testimony is not in rebuttal of any of the facts hereinabove stated, but in rebuttal of an additional fact testified to by one of the defendant's witnesses, namely, that a certificate or allowed demand of fifty dollars was turned over by the deceased to the plaintiff in payment of the claim advanced for expenses in obtaining this judgment. The plaintiff claimed upon the trial that the certificate was turned over as part payment of another claim for three hundred and fifty dollars, which plaintiff held, and plaintiff's present cashier testified in regard thereto as follows: "This claim was placed in the hands of Mr. Lubke, and he made a collection of this note of three hundred and fifty dollars, turning in the receipt, this

claim, as part payment of the note; his endorsement is on the back of it."

It is not claimed in the affidavit supporting the motion for new trial that the evidence of this witness is newly discovered. It affirmatively appears that the witness and his connection with the matter were well known to plaintiff at the last trial, and that the witness was accessible. It further appears affirmatively that his evidence is purely cumulative. No reason is shown why he was not called. The only reason given is that the witness, since the trial, has discovered some memoranda, which would enable him to testify more fully as to the details of the transaction than he could have done if called at the trial. That reason would apply with equal force to a witness who had actually been called and examined, and had refreshed his memory by some memorandum since the last trial, since the memorandum is not independent evidence in either case. The motion is based on a thorough misconception of the meaning of that newly-discovered evidence on account whereof new trials should be granted.

There is nothing in the record warranting us to review the discretion of the court in refusing a new trial. Judgment affirmed. All concur.